IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ALIM KEFI CONTEH,              )
                               )
        Plaintiff,             )
                               )
     v.                        )      1:23-cv-777
                               )
FAMILY DOLLAR,                 )
                               )
        Defendant.             )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Before this court is a Motion to Dismiss and Alternative Motion to Stay Proceeding and Compel Arbitration, filed by Defendant Family Dollar Stores of North Carolina, LLC. (Doc. 22.) Defendant submitted a supporting memorandum. (Doc. 23.) Plaintiff Alim Conteh responded, (Doc. 25), and Defendant replied, (Doc. 26). For the reasons stated herein, Defendant's Motion to Dismiss will be denied, but Defendant's Alternative Motion to Stay Proceeding and Compel Arbitration will be granted.

Plaintiff also filed a Motion to Serve by Registered or Certified Mail to the Defendant. (Doc. 13.) Defendant has been served, (Doc. 17), and appeared, (see Docs. 18, 19, 22). Plaintiff's motion to serve will be denied as moot.

**Background**

Plaintiff, proceeding pro se, filed a Complaint against his employer, Family Dollar, on September 7, 2023. (Compl. (Doc. 2).) He filed an Amended Complaint on September 12, 2023, bringing claims for national origin discrimination under Title VII of the Civil Rights Act of 1964 and age discrimination under the Age Discrimination in Employment Act of 1967.[1] (See Am. Compl. (Doc. 5) at 3-4.)

Defendant has moved to dismiss these claims pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, to stay this proceeding and compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. (See Def. Mem. of Law in Supp. Of Def.'s Mot. to Dismiss and Alternative Mot. to Stay Proceedings and Compel Arbitration ("Def.'s Mem.") (Doc. 23) at 17, 18). Plaintiff responded, (Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Resp.") (Doc. 25)), and Defendant replied, (Def. Reply to Pl.'s Opp'n to Def's Mot. to Dismiss ("Def.'s Reply") (Doc. 26)).

Facts relevant to this motion will be addressed where necessary in this analysis.

---

[1] Plaintiff is an immigrant from Sierra Leone and was born in 1972. (Amend. Compl. (Doc. 5) at 4.)

**Analysis**

Under the Federal Arbitration Act ("FAA"), a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA represents "a liberal federal policy favoring arbitration agreements" and applies "to any arbitration agreement within the coverage of the Act." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).

To compel arbitration under § 4 of the FAA, the moving party must show:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the [non-moving party] to arbitrate the dispute.

Adkins v. Labor Ready, Inc., 303 F.3d 496, 500-01 (4th Cir. 2002).

In deciding a motion to compel arbitration, "courts apply a standard similar to that applicable to a motion for summary judgment." Minter v. Freeway Food, Inc., No. 1:03-CV-882, 2004 WL 735047, at *2 (M.D.N.C. Apr. 2, 2004) (quoting Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003)). Summary judgment is proper when the moving party demonstrates with specific

- 3 -

evidence "that there is no genuine dispute as to any material fact[.]" Fed. R. Civ. P. 56(a), (c)(1)(A); see Baldwin v. City of Greensboro, 714 F.3d 828, 833 (4th Cir. 2013).

When a court grants an order compelling arbitration, the FAA requires it to "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; see also Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709 (4th Cir. 2001) ("[T]he FAA requires a district court . . . to stay judicial proceedings involving issues covered by written arbitration agreements.").[2]

1. **Existence of a Dispute Between Parties**

The first element that Defendant must show under Adkins, the existence of a dispute between the parties, is uncontroverted. Plaintiff filed this suit alleging claims of employment discrimination against Defendant; Defendant disputes those claims.

---

[2] The Fourth Circuit has not resolved the question of whether a district court, upon finding that all issues between the parties are arbitrable, may dismiss the action rather than grant a stay. See SmartSky Networks, LLC v. DAG Wireless, LTD, 93 F.4th 175, 182 n.7 (4th Cir. 2024) (acknowledging the tension between the decisions in Hooters of Am., Inc. v. Phillips, 173 F.3d 933 (4th Cir. 1999) and Choice Hotels, Int'l, Inc., 252 F.3d 707 (4th Cir. 2001), but not resolving whether a district court has discretion to dismiss rather than stay the judicial proceeding).

## 2. Written Agreement that Includes an Arbitration Provision Which Purports to Cover the Dispute

Regarding the second element, Defendant contends that Plaintiff and Defendant entered into a valid and enforceable written arbitration agreement. (See Def.'s Mem. (Doc. 23) at 9.) In support of this contention, Defendant attached the affidavit of its Manager of Talent Acquisition Operations, Vincent Votta. (Doc. 23-1 at 2-7.)[3] Votta states that when Plaintiff was hired, he completed the company's standard onboarding process and, as part of that process, Plaintiff "electronically sign[ed] the [company's] Arbitration Agreement" on January 22, 2020. (Doc. 23-1 at 6.) Defendant attached copies of Plaintiff's date-stamped electronic signature. (Doc. 23-1 at 9, 12.)

Additionally, Defendant contends that on October 23, 2020, Defendant updated terms of its Arbitration Agreement and mailed a memorandum to its employees, informing them: "[O]n December 10, 2020, you will be bound by the new Arbitration Agreement, without any further action on your part. There is no need to

---

[3] For two reasons, this court finds it appropriate to consider Defendant's exhibits at this stage of the pleadings. One, "[w]hen a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court . . . may consider evidence outside the pleadings." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Two, as discussed supra, when deciding whether a moving party has shown the four Adkins elements necessary to compel arbitration, courts apply a standard similar to that applicable to a motion for summary judgment.

- 5 -

Case 1:23-cv-00777-WO-LPA    Document 27    Filed 09/23/24    Page 5 of 12

sign the new Agreement." (See Doc. 23-2 at 5.) Along with the notification by mail, a Family Dollar store manager attested to posting a notice of the October 2020 updates on a bulletin located in the break area of Plaintiff's store. (See Doc. 23-3 at 2-3.) Defendant also included a notice of the updates on Plaintiff's November and December paystubs. (Def.'s Mem. (Doc. 23) at 8.)

Thus, there are two versions of a written agreement before this court: the original January 2020 Agreement that Plaintiff electronically signed as part of his onboarding process, and the October 2020 Updated Agreement that Defendant communicated to Plaintiff as detailed above. Defendant argues that "Plaintiff was bound by the original agreement when he started Employment with Defendant, and was bound by the [October 2020] updated terms" once they went into effect. (Def.'s Reply (Doc. 26) at 4.)

Defendant further contends that the arbitration provision contained within both agreements encompasses the issues that Plaintiff raised in his Complaint. (Def.'s Mem. (Doc. 23) at 11-12.) To support this contention, Defendant attaches a copy of the original January 2020 Agreement, (Doc. 23-1 at 17-19), and the October 2020 Updated Agreement, (Doc. 23-2 at 11-17). Both state that "[c]laims subject to arbitration include, but are not

- 6 -

limited to," claims for wrongful termination, retaliation, and discrimination on the basis of "national origin" and "age." (Doc. 23-1 at 17; Doc. 23-2 at 11.)

In response to Defendant's motion, Plaintiff contests the validity of the agreements. First, Plaintiff questions whether the January 2020 Agreement in fact existed, (see Pl.'s Resp. (Doc. 25) at 3, 4, 5, 7), and incorrectly states that Defendant failed to submit it as an exhibit, (see Pl.'s Resp (Doc. 25) at 3, 4). (But see Doc. 23-1 at 17-19.) Second, Plaintiff argues that he "did not sign" the October 2020 Updated Agreement and thus is not bound by it. (Pl.'s Resp. (Doc. 25) at 3.)

Regarding Plaintiff's argument that the January 2020 Agreement does not exist, the Fourth Circuit has noted that for a nonmoving party to establish a genuine issue as to the formation of an arbitration agreement, "an unequivocal denial that the agreement to arbitrate had been made is needed, and some evidence should be produced to substantiate the denial." Drews Distrib., Inc. v. Silicon Gaming, Inc., 245 F.3d 347, 352 n.3 (4th Cir. 2001) (cleaned up) (citation omitted). Here, Plaintiff offers no evidence to substantiate his denial of the January 2020 Agreement's formation. Meanwhile, Defendant offers multiple exhibits and affidavits to support the formation of the January 2020 Agreement. Considering the parties' respective

- 7 -

positions on this fact and their corroborating documentation, this court finds there is no genuine dispute that the January 2020 Agreement was formed.

Regarding the October 2020 Updated Agreement, Plaintiff contends that he "did not sign" it and thus is not bound by it. (Pl.'s Resp. (Doc. 25) at 3.) Whether parties have mutually assented to arbitration agreement is a question of state contract law. See Adkins, 303 F.3d at 501. Relying on North Carolina contract law, other courts within this district have ruled that when an employer updates its arbitration policy and provides clear notice of the updates to its employees, those employees can be bound to the new terms as a condition of continued employment. See Moye v. Duke Univ. Health Sys., Inc., No. 1:06-cv-00337, 2007 WL 1652542, at *7 (M.D.N.C. June 5, 2007) (citing Howard v. Oakwood Homes Corp., 134 N.C. App. 116, 121, 521 S.E. 2d 879, 882 (1999)).

Regardless, this court does not view the question of whether the October 2020 Updated Agreement is binding on Plaintiff as dispositive to the motion before this court. As Defendant argued, both agreements are "substantially similar." (Def.'s Reply (Doc. 26) at 3; compare Doc. 23-1 at 17-19 with Doc. 23-2 at 11-17.) Most importantly, the October 2020 updates did not change the portions of the original agreement relevant

to the Adkins requirements. Namely, both versions of the agreement subject all claims related to wrongful termination, retaliation, and race/age discrimination to mandatory arbitration.

For this reason, this court declines to rule whether the terms of the October 2020 Updated Agreement, so far as they are different from the January 2020 Agreement, will govern future arbitration proceedings between the parties. Because Plaintiff and Defendant formed a valid written agreement during Plaintiff's onboarding in January 2020, and the agreement includes an arbitration provision that covers the dispute at hand, the second Adkins element is met.

3. **Relationship to Interstate Commerce**

The third requirement under Adkins - that the transaction have a relationship to interstate or foreign commerce - is also undisputed by the parties. Nonetheless, this court will briefly discuss it here.

"[T]he reach of the [FAA] is broad," Rota-McLarty v. Santander Consumer USA, Inc., 700 F.3d 690, 697 (4th Cir. 2012), and "[t]he Supreme Court has interpreted this provision as exercising the full scope of Congress's commerce-clause power." Id. "[T]he FAA does not impose a burden upon the party invoking the FAA to put forth specific evidence proving the interstate

nature of the transaction," id. at 697, nor must a court "identify any specific effect upon interstate commerce, so long as in the aggregate the economic activity in question would represent a general practice ... subject to federal control." Id. at 697-98 (cleaned up). The Supreme Court has held that arbitration agreements included in employment applications can be valid under the FAA. See Adkins, 303 F.3d at 504-05 (citing Circuit City Stores v. Adams, 532 U.S. 105 (2001)).

Here, the contract formed as part of the employment relationship between Plaintiff and Defendant, a multi-state retailer and employer, has the type of economic effect in the aggregate that clears the low bar set by the FAA. In the absence of any dispute by the parties, and given this district's findings in similar cases, see, e.g., Collie v. Wehr Dissolution Corp., 345 F. Supp. 2d 555, 560-61 (M.D.N.C. 2004); Andros v. Fam. Dollar Stores of N.C., Inc., No. 1:20-cv-1132, 2021 WL 4412512, at *1 (M.D.N.C. Sept. 27, 2021); Starnes v. Conduent Inc., No. 1:17-cv-495, 2018 WL 3466951, at *8 (M.D.N.C. July 18, 2018), this court finds Defendant has shown the third Adkins element is met.

### 4. Refusal of Defendant to Arbitrate the Dispute

Finally, concerning the undisputed fourth Adkins element, this court finds that Plaintiff has refused to arbitrate the

- 10 -

dispute. This finding is clear as Plaintiff has not engaged in the process for arbitration set forth in the agreements and has instead filed this suit in federal court.

In sum, Defendant has shown, beyond any genuine dispute, that the four <u>Adkins</u> elements necessary to compel arbitration are met. Because all issues raised by Plaintiff in his Complaint are arbitrable, this court will stay, rather than dismiss, this proceeding.

I.  <u>**CONCLUSION**</u>

For the foregoing reasons,

Defendant's Motion to Dismiss, (Doc. 22), will be denied and Defendant's Alternative Motion to Stay Proceeding and Compel Arbitration, (<u>id.</u>), will be granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (Doc. 22), is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay Proceedings and Compel Arbitration, (Doc. 22), is **GRANTED** and Plaintiff and Defendant shall arbitrate any and all claims asserted by Plaintiff and against Defendant. This action is **STAYED** unless a motion to lift stay is filed by either party.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Serve by Registered or Certified Mail to the Defendant, (Doc. 13), is **DENIED** as **MOOT**.

The Clerk is directed to administratively close this case.

This the 20th day of September, 2024.

                                                    /s/ William L. Osteen, Jr.
                                                  United States District Judge

- 12 -

Case 1:23-cv-00777-WO-LPA   Document 27   Filed 09/23/24   Page 12 of 12